

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| GREGORY GIBSON,<br>   Petitioner/Defendant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br>   Respondent. | §<br>§<br>§<br>§ CRIMINAL ACTION NO.: 4:18-964-MGL-1<br>§ CIVIL ACTION NO.:  4:22-461-MGL<br>§<br>§ |

**MEMORANDUM OPINION AND ORDER
DENYING PETITIONER/DEFENDANT'S SECTION 2255 MOTION TO VACATE,
GRANTING THE GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT
DENYING PETITIONER/DEFENDANT'S MOTION TO FOR A NEW TRIAL,
DEEMING AS MOOT PETITIONER/DEFENDANT'S MOTION TO APPOINT
APPELLATE COUNSEL AND DENYING PETITIONER/DEFENDANT'S MOTION TO
APPOINT COUNSEL FOR THE INSTANT MOTIONS**

**I. INTRODUCTION**

Pending before the Court are Gregory Gibson's (Gibson) pro se motion to vacate his sentence under 28 U.S.C. § 2255 (motion to vacate), the government's motion for summary judgment, Gibson's motions for a new trial, to appoint appellate counsel, and to appoint counsel for the instant motions.

Having carefully considered the motions, the responses, the replies, the supplements, the record, and the applicable law, it is the judgment of the Court Gibson's motion to vacate will be denied, the government's motion for summary judgment will be granted, Gibson's motion for a new trial will be denied, Gibson's motion to appoint appellate counsel will be deemed as moot, and his motion to appoint counsel for the instant motions will be denied.

## II.     FACTUAL AND PROCEDURAL HISTORY

A grand jury indicted Gibson of felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) (Count 1), possession with intent to distribute marijuana, a quantity of cocaine, a quantity of cocaine base, and a quantity of methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and (b)(1)(D) (Count 2), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count 3).

Before trial, Gibson's first defense counsel, Michael Meetze, moved to suppress evidence found during a search of Gibson's car. The Court denied the motion. Gibson later filed a motion for a new attorney, and the Court appointed Ashley Nance (Nance or trial counsel) to represent him.

Nance moved the Court to sever Count 2 from Counts 1 and 3 for trial. The Court denied the motion.

During a two-day trial, the jury heard evidence that, on July 27, 2018, after smelling the odor of marijuana during a traffic stop, Florence County Sheriff's Office (FCSO) deputies searched Gibson's car and found a loaded firearm, a bag of cocaine, a bag of cocaine base (commonly referred to as crack cocaine), a bag of marijuana, three large bags containing a total of three-hundred methamphetamine pills, a large piece of cocaine base, digital scales, plastic baggies, a bottle of Benefiber (a cutting agent), four cell phones, and almost $1,500 in cash.

Gibson testified that in March 2018, someone shot at him, hitting him in the hip and hitting his truck six times. He stated that he fled to the hospital for treatment, and subsequently gave a statement to a detective. He attested that because of this incident, he, for the first time, carried a firearm for protection.

On rebuttal, FCSO Corporal Sheldon Spann (Spann) testified that he had called FCSO dispatch to search Gibson's name and attempt to locate records of the March 2018 shooting, but no records appeared to exist. On cross-examination, trial counsel elucidated that Spann had failed to contact Florence City Police Department (FCPD) to search its records, even though Gibson allegedly was treated at a hospital in its, rather than FCSO's, jurisdiction.

The jury ultimately convicted Gibson of Counts 1 and 2, and acquitted him of Count 3. Gibson moved to relieve Nance. The Court granted the motion and appointed Robert E. Lee to represent Gibson at sentencing. Gibson subsequently moved pro se for a judgment of acquittal based on Nance's purported ineffective assistance of counsel. The Court denied the motion.

The Court sentenced Gibson to 262 months' incarceration as to Counts 1 and 2, to run concurrently, as well as a six-year term of supervised release, consisting of five years as to Count 1 and six years as to Count 2, also to run concurrently.

Gibson appealed, in which he argued the Court erred by applying an obstruction of justice enhancement when calculating his guideline sentence and by admitting testimony at trial that upon the search of his vehicle, Gibson stated "I'll never see the streets again." He filed a motion for appellate counsel with this Court, which remains pending. The Fourth Circuit appointed Elizabeth Franklin-Best (Franklin-Best or appellate counsel) to represent him on appeal. It ultimately affirmed the judgment.

Gibson filed his motion for new trial, and the government responded. Next, Gibson filed his motion to vacate and his reply to the government's response to his motion for new trial. Subsequently, he filed a supplemental reply.

Nance and Franklin-Best each filed affidavits regarding their representation of Gibson. The government thereafter responded to the motion to vacate, in which it moved for summary

3

judgment. Gibson replied, and eventually filed supplemental replies regarding the motion to vacate, as well. He also moved for appointment of counsel for the instant motions.

The Court, having been fully briefed on the relevant issues, will now adjudicate the motions.

### III.     MOTION TO VACATE AND MOTION FOR SUMMARY JUDGMENT

#### A.     *Standard of Review*

A federal prisoner may move to "vacate, set aside or correct" his sentence if it

> was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate two elements: 1) "counsel's performance was deficient," and 2) "the deficient performance prejudiced the defense . . . [so] as to deprive the defendant of a fair trial." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The first element analyzes whether trial counsel provided "reasonably effective assistance." *Id.* "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Id.*

The second element "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. The defendant raising an ineffective assistance challenge has an affirmative obligation to prove prejudice. *Id.* at 693.

4

### B.    *Discussion and Analysis*

As an initial matter, Gibson requests in his motion to vacate that the Court hold an evidentiary hearing. In deciding a 28 U.S.C. § 2255 petition, the Court need not hold a hearing if "the [petition] and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b). For the reasons explained below, the Court determines no hearing is necessary.

### 1.    *Whether trial counsel was ineffective by failing to investigate critical issues and interview and subpoena witnesses*

Gibson posits trial counsel failed to retrieve all available evidence, including police reports, hospital records, and potential witnesses that could verify he was shot months prior to his arrest. The government counters that trial counsel's decisions constituted effective trial strategy, and the evidence would have failed to help Gibson.

As explained above, Gibson testified that he was shot months prior to his arrest, and, as a result feared for his life. Because of this fear, he told the jury, he carried a gun for protection. Gibson used the incident to argue for acquittal as to Counts 1 and 3. For Count 1, he contended he was justified in his possession of the firearm due to duress. The Court issued a "Justification - Duress" jury instruction as to that Count (duress defense), but specified it was "not a defense to Counts 2 and 3." Jury Instructions at 26. As to Count 3, Gibson insisted the firearm was for protection, rather than to further his drug trafficking.

In its rebuttal case and closing arguments, the government questioned the veracity of the incident, contending no records existed. Gibson has since obtained a copy of the police report, which corroborated his testimony, although, as the government points out, it also states Gibson was uncooperative with the investigation.

Trial counsel likely took the riskier approach by relying on the jury's belief of Gibson's testimony, rather than exploring presenting some of the corroborating evidence. As explained below, however, trial counsel bolstered Gibson's credibility with his cross-examination of Spann.

But, the Court need not decide whether any risks taken by trial counsel constituted ineffective assistance under the first prong of *Strickland*, because, as explained below, Gibson has failed to show prejudice. *See Strickland*, 466 U.S. at 687 (holding the defendant must establish both prongs to show ineffective assistance of counsel).

To establish a duress defense to Count 1, felon in possession of a firearm, Gibson would have had to show by a preponderance of the evidence that he:

> (1) was under unlawful and present threat of death or serious bodily injury;
> (2) did not recklessly place himself in a situation where he would be forced to engage in criminal conduct;
> (3) had no reasonable legal alternative (to both the criminal act and the avoidance of the threatened harm); and
> (4) a direct causal relationship between the criminal action and the avoidance of the threatened harm.

*United States v. Ricks*, 573 F.3d 198, 202 (4th Cir. 2009) (quoting *United States v. Crittendon*, 883 F.2d 326, 330 (4th Cir. 1989).

Moreover, to obtain a conviction for Count 3, possession of a firearm in furtherance of a drug trafficking crime, the government would have had to show (1) Gibson committed a drug trafficking crime prosecutable in federal court; (2) that he knowingly used, carried, or possessed a firearm; and (3) that the use, carry, or possession of the firearm was in furtherance of the drug trafficking crime. 18 U.S.C. § 924(c)(1)(A).

Granted, the jury did send a note to the Court asking if there was "any evidence of the Defendant being shot or records from a hospital or Doctor[.]" Jury Notes at 1. But, based on its verdict, the Court can surmise it ultimately found the shooting did occur.

The jury acquitted him as to Count 3.  Given the evidence in this case, an acquittal as to Count 3 indicated the jury did believe Gibson's testimony, or, at the very least, it created reasonable doubt.  In other words, the jury found Gibson not guilty on Count 3 because the government failed to prove possession of a firearm was to further his drug trafficking, rather than for Gibson's perceived need for protection, and thus was unable to establish the third element of the offense.

On the other hand, the jury apparently found Gibson's explanation failed to meet his burden of proof as to the affirmative defense of duress.  This makes sense, because the shooting had occurred several months before he was found in possession of a firearm, so the threat was no longer immediately present.

Just because Gibson was subjectively fearful after an attack fails to mean his fear was reasonably based on an immediate threat sufficient to justify his illegal possession of a firearm.  The jury would have needed to find all four elements of duress existed.  Even considering the shooting, the Court agrees with the jury that the facts failed to support a duress defense.

The jury, then, believed Gibson that the shooting occurred.  But, such belief failed to extend as far as he had hoped.  Because Gibson fails to meet the second prong of *Strickland*, the Court will deny his motion to vacate and grant the government's motion for summary judgment as to this ground.

### 2. *Whether trial counsel was ineffective by moving to sever Count 2 instead of Count 1*

Further, Gibson avouches trial counsel should have moved to sever Count 1, rather than Count 2, from the other charges, because he would have chosen to exercise his right not to testify as to Count 1.  The government maintains the Court would have denied the motion in either case, and he would have needed to testify in both trials.

Federal Rule of Criminal Procedure 8(a) governs the joinder of offenses in a single indictment or information. Joinder is permissible if the offenses are: (1) "of the same or similar character;" (2) "based on the same act or transaction;" or (3) "connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a).

"Rule 8(a) permits very broad joinder, because the prospect of duplicating witness testimony, impaneling additional jurors, and wasting limited judicial resources suggests that related offenses should be tried in a single proceeding." *United States v. Hawkins*, 776 F.3d 200, 206 (4th Cir. 2015) (internal quotation marks omitted) (internal citations omitted).

Even if joinder is proper under Rule 8, Federal Rule of Criminal Procedure 14(a) states that "if the joinder of offenses . . . in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts . . . or provide any other relief that justice requires."

The Fourth Circuit has identified three sources of prejudice that may justify severance under Rule 14:

> (1) the jury may confuse and cumulate the evidence, and convict the defendant of one or both crimes when it would not convict him of either if it could keep the evidence properly segregated;
> (2) the defendant may be confounded in presenting defenses, as where he desires to assert his privilege against self-incrimination with respect to one crime but not the other; or
> (3) the jury may conclude that the defendant is guilty of one crime and then find him guilty of the other because of his criminal disposition.

*United States v. Foutz*, 540 F.2d 733, 736 (4th Cir. 1976) (footnotes omitted). "Although limiting instructions often will suffice to cure any risk of prejudice as a result of the joint trial, in some situations the risk of prejudice is so high as to require a separate trial." *United States v. Min*, 704 F.3d 314, 319 (4th Cir. 2013).

The party seeking severance bears "the burden of demonstrating a strong showing of prejudice." *United States v. Mir*, 525 F.3d 351, 357 (4th Cir. 2008) (quoting *United States v. Goldman*, 750 F.2d 1221, 1225 (4th Cir. 1984)).

"It is not enough for the defendant to show that severance offers him a better chance of acquittal." *United States v. Cardwell*, 433 F.3d 378, 387 (4th Cir. 2005) (internal quotation marks omitted). Instead, where offenses are properly joined under Rule 8(a), "'a district court should grant a severance under Rule 14 *only* if there is a serious risk that a joint trial would . . . prevent the jury from making a reliable judgment about guilt or innocence.'" *Id.* (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)).

Counts 1 through 3 were properly joined under Rule 8(a), because they are part of the same act or transaction. Drugs, drug paraphernalia, and a firearm were all found in Gibson's vehicle during the same search incident to his traffic stop. Gibson's severance arguments, then, were based upon purported extreme prejudice under Rule 14.

Gibson avouches he may have chosen to exercise his right not to testify if the Counts had been severed. But, even though the duress defense applied only to Count 1, his argument that he feared for his life applied to both Counts 1 and 3. In fact, it was likely the basis for his acquittal as to Count 3. Thus, Gibson would probably have chosen to testify during both trials even if they had been severed, even if it resulted in "self-defeating testimony as to Count two." Gibson's Ground 3 Memorandum at 5.

Although Gibson claims trial counsel failed to understand the application of the duress defense, this is unsupported by the record. To be sure, he requested the instruction as to Counts 1 and 3, and the Court issued the instruction only as to Count 1, but this failed to impact his severance

argument. As explained herein, the defense strategy as to those two counts was interrelated beyond the duress defense.

Even with the benefit of hindsight, joinder of all counts for trial did not "prevent the jury from making a reliable judgment about guilt or innocence." *Cardwell*, 433 F.3d at 387 (quoting *Zafiro*, 506 U.S. at 539). Had trial counsel moved to sever Count 1 before trial, the Court would have denied the motion, because Gibson failed to make a "strong showing of prejudice." *Mir*, 525 F.3d at 357 (quoting *Goldman*, 750 F.2d at 1225).

Because the Court would have also denied a motion to sever Count 1 from Counts 2 and 3, Gibson has failed to meet the second prong of the *Strickland* test, prejudice. As such, his ineffective assistance of counsel claim fails as to this argument as well. The Court will thus deny Gibson's motion to vacate and grant the government's motion for summary judgment as to this ground.

### 3.    *Whether trial counsel was ineffective because he failed to object to out-of-court statements*

Next, Gibson argues trial counsel should have objected to Spann's rebuttal testimony, contending it was hearsay. The government contends the testimony failed to constitute hearsay, and even if it did, trial counsel's decision to refrain from objecting was sound trial strategy.

"[I]t is well established that failure to object to inadmissible or objectionable material for tactical reasons can constitute objectively reasonable trial strategy under *Strickland*." *Humphries v. Ozmint*, 397 F.3d 206, 234 (4th Cir. 2005). Here, rather than objecting, trial counsel chose to undermine Spann's testimony by showing the jury his lack of knowledge, the lack of depth to his research, and the overall unreliability of his testimony. He elucidated for the jury that Spann had asked for a search of FCSO's database, rather than FCPD's, where any records would likely be found.

This strategy is bolstered by the fact that Spann also testified during the government's case-in-chief.  In other words, if the jury questioned the reliability of Spann's rebuttal testimony, it may have doubted his prior testimony as well.

As explained above, it appears the jury believed Gibson over Spann as to his rebuttal testimony, and found the shooting did occur.  Gibson has thus failed to meet either *Strickland* prong.  The Court will thus deny his motion to vacate and grant the government's motion for summary judgment as to this ground, as well.

> 4. ***Whether appellate counsel was ineffective because she failed to consult Gibson regarding his appeal and because she failed to appeal the Court's denial of Gibson's motion to suppress***

Finally, Gibson contends he received ineffective assistance of appellate counsel because she failed to discuss appealing the denial of his motion to suppress with him, and because there were nonfrivolous grounds for such an appeal.  The government insists the claim fails because appellate counsel presented the strongest issues for appeal.

> Effective assistance of appellate counsel does not require the presentation of all issues on appeal that may have merit, and [the Court] must accord counsel the presumption that [s]he decided which issues were most likely to afford relief on appeal.  Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.

*Lawrence v. Branker*, 517 F.3d 700, 709 (4th Cir. 2008) (internal citations omitted) (internal alterations omitted) (internal quotation marks omitted).

To prevail on his ineffective assistance of appellate counsel claim, therefore, Gibson must show that appellate counsel's failure to appeal the denial of the motion to suppress fell below an objective standard of reasonableness, and that but for that failure, he would have prevailed on his appeal.  *See id.* ("[E]ven if a petitioner is able to show that his counsel's performance fell below

an objectively reasonable standard, he has won only half the battle, for he must also show that, absent his counsel's errors, the outcome of the proceeding would have been different.").

For the reasons stated by the Court when denying the motion to suppress, the stop in this case was proper. Gibson turned left into an intersection in front of an FCSO officer, Corporal Brook Alexander Urquhart (Urquhart) who had to slow down to avoid a collision. This constituted a traffic violation, and so Urquhart properly pulled Gibson over. *See* S.C. Code Ann. § 56-5-2330(b) ("After having stopped [at a stop sign], the driver shall yield the right-of-way to any vehicle in the intersection or approaching on another roadway so closely as to constitute an immediate hazard during the time when such driver is moving across or within the intersection or junction of roadways.").

Moreover, to the extent Gibson challenges the search of his car, it was supported by probable cause. FCSO deputies smelled the odor of marijuana, so the search was proper. *See United States v. Scheetz*, 293 F.3d 175, 184 (4th Cir. 2002) ("Once the car was properly stopped and the narcotics officers smelled marijuana, the narcotics officers properly conducted a search of the car.").

Accordingly, even if appellate counsel presented the issue on appeal, the Fourth Circuit likely would have still ruled against him. Gibson has thus failed to show prejudice. This ground thus fails, as well.

The Court will therefore deny Gibson's motion to vacate and grant the government's motion for summary judgment.

**IV.    MOTION FOR NEW TRIAL**

   **A.    *Standard of Review***

Under Federal Rule of Criminal Procedure 33(a), "[u]pon the defendant's motion, the [C]ourt may vacate any judgment and grant a new trial if the interest of justice so requires." Although defendants must generally make a Rule 33 motion within fourteen days of the verdict, they may any motion for a new trial based on newly discovered evidence up to three years after the verdict.  Fed. R. Crim. P. 33(b).

For a Rule 33 motion based on new evidence, the defendant must show that (1) "the evidence relied on is, in fact, newly discovered;" (2) the defendant used due diligence in uncovering the evidence; (3) the evidence is not "merely cumulative or impeaching;" (4) "the evidence is material"; and (5) the evidence "would probably result in an acquittal at a new trial." *United States v. Lofton*, 233 F.3d 313, 318 (4th Cir. 2000) (internal quotation marks omitted).

The Court should grant a new trial sparingly and only when the evidence weighs heavily against the verdict.  *United States v. Perry*, 335 F.3d 316, 320 (4th Cir. 2003).  Whether to grant a Rule 33 motion is within the discretion of the Court.  *United States v. Smith*, 451 F.3d 209, 216–17 (4th Cir. 2006).

   **B.    *Discussion and Analysis***

Gibson asks for a new trial because, after his trial, he obtained a copy of the police report from the March 2018 shooting, as well as evidence that purportedly shows ineffective assistance of counsel.  The government maintains the evidence is not newly discovered, Gibson neglected to exercise due diligence, the evidence is immaterial, and it would have failed to result in acquittal.

13

First, as to the police report, for the reasons explained above in the Court's discussion of Gibson's motion to vacate, even if counsel had presented it at trial, the jury likely would still have found him guilty of Counts 1 and 2. This argument thus fails.

Second, as to the purported evidence of ineffective assistance of counsel, as explained above, Gibson's ineffective assistance of counsel claims fail. What is more, "information supporting an ineffective assistance claim is not 'evidence' within the meaning of Rule 33[.]" *United States v. Smith*, 62 F.3d 641, 648 (4th Cir. 1995). Therefore, this argument also fails.

Accordingly, the Court will also deny Gibson's motion for a new trial.

## V.     MOTIONS TO APPOINT COUNSEL

Because the Fourth Circuit appointed appellate counsel for Gibson, his motion filed with this Court will be deemed as moot. Moreover, the Court will deny Gibson's motion for appointment of counsel for the instant motions. As discussed in this order, his motion to vacate and motion for a new trial lack merit, and thus appointment of counsel is unnecessary.

## VI.    CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Gibson's motion to vacate and request for an evidentiary hearing, ECF No. 159, are **DENIED**; the government's motion for summary judgment, ECF No. 176, is **GRANTED**; Gibson's motion for a new trial, ECF No. 151, is **DENIED**; Gibson's motion to appoint appellate counsel, ECF No. 146, is **DEEMED AS MOOT**; and Gibson's motion to appoint counsel for the instant motions, ECF No. 182, is **DENIED**.

To the extent Gibson requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED**.

Signed this 17th day of April 2023, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Gibson is hereby notified of the right to appeal the Court's ruling on his motion to vacate, the government's motion for summary judgment, and his motion to appoint counsel as it pertains to those motions within sixty days from the date hereof and the Court's ruling on his motion for a new trial, motion to appoint counsel as it pertains to that motion, and motion to appoint appellate counsel within fourteen days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.