

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| GREGORY GIBSON,<br>　　　　　　Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br>　　　　　　Respondent. | §<br>§<br>§<br>§　CRIMINAL ACTION NO.: 4:18-964-MGL-1<br>§　CIVIL ACTION NO.:　4:23-3058-MGL<br>§<br>§<br>§ |

**ORDER GRANTING THE GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING WITHOUT PREJUDICE PETITIONER'S MOTIONS TO VACATE, TO AMEND, AND TO APPOINT COUNSEL**

Pending before the Court are Respondent United States of America's (the government) motion for summary judgment and Petitioner Gregory Gibson's (Gibson) pro se motion to vacate his sentence under 28 U.S.C. § 2255 (motion to vacate), to amend his motion to vacate, and to appoint counsel.

A jury found Gibson guilty of felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) (Count 1), and possession with intent to distribute marijuana, a quantity of cocaine, a quantity of cocaine base, and a quantity of methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and (b)(1)(D) (Count 2).

The Court sentenced Gibson to 262 months' incarceration as to Counts 1 and 2, to run concurrently, as well as a six-year term of supervised release, consisting of five years as to Count 1 and six years as to Count 2, also to run concurrently.

In this Section 2255 petition, Gibson challenges his conviction on Count 1 based on the Supreme Court's recent decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). He argues that under *Bruen*, felon in possession of a firearm convictions violate the Second Amendment to the Constitution.

The government posits the Court is without authority to consider Gibson's petition because it is a second and successive motion under Section 2255.

Gibson already filed a motion to vacate under Section 2255 in this case. In such circumstances, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application[.]" 28 U.S.C. § 2244(b)(3)(A). This requirement in jurisdictional. *United States v. Winestock*, 340 F.3d 200, 205, 208 (4th Cir. 2003).

It appears Gibson has failed to move the court of appeals for an order authorizing this Court to consider his petition. Thus, the Court is unable to consider his petition.

Therefore, having carefully considered the motions, the response, the record, and the relevant law, it is the judgment of the Court the government's motion for summary judgment, ECF No. 203 is **GRANTED**. Gibson's motions to vacate, ECF No. 195, to amend, ECF No. 196, and to appoint counsel, ECF No. 207, are **DEEMED AS MOOT**.

To the extent Gibson requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED**.

Signed this 22nd day of February 2024, in Columbia, South Carolina.

                                        s/ Mary Geiger Lewis
                                        MARY GEIGER LEWIS
                                        UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.