

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| GREGORY GIBSON,　　　　Petitioner, | § <br> § <br> § |
| vs. | § CRIMINAL ACTION NO.: 4:18-964-MGL-1 <br> § CIVIL ACTION NO.:  4:22-461-MGL |
| UNITED STATES OF AMERICA,　　　　Respondent. | § <br> § <br> § |

**MEMORANDUM OPINION AND ORDER
DENYING PETITIONER'S MOTIONS
TO ALTER OR AMEND THE JUDGMENT AND TO REOPEN CASE**

**I.    INTRODUCTION**

Pending before the Court is Gregory Gibson's (Gibson) pro se motions to alter or amend judgment and to reopen his 28 U.S.C. § 2255 case.

Having carefully considered the motions, the record, and the applicable law, it is the judgment of the Court Gibson's motion will be denied.

**II.    FACTUAL AND PROCEDURAL HISTORY**

A grand jury indicted Gibson of felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) (Gun Possession Count), possession with intent to distribute marijuana, a quantity of cocaine, a quantity of cocaine base, and a quantity of methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and (b)(1)(D) (Drug Count),

and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Gun in Furtherance Count).

During a two-day trial, the jury heard evidence that, on July 27, 2018, after smelling the odor of marijuana during a traffic stop, Florence County Sheriff's Office (FCSO) deputies searched Gibson's car and found a loaded firearm, a bag of cocaine, a bag of cocaine base (commonly referred to as crack cocaine), a bag of marijuana, three large bags containing a total of three-hundred methamphetamine pills, a large piece of cocaine base, digital scales, plastic baggies, a bottle of Benefiber (a cutting agent), four cell phones, and almost $1,500 in cash.

Gibson testified that in March 2018, someone shot at him, hitting him in the hip and hitting his truck six times. He stated he fled to the hospital for treatment, and subsequently gave a statement to a detective. He attested because of this incident, he, for the first time, carried a firearm for protection.

On rebuttal, FCSO Corporal Sheldon Spann (Spann) testified he had called FCSO dispatch to search Gibson's name and attempt to locate records of the March 2018 shooting, but no records appeared to exist. On cross-examination, trial counsel elucidated Spann had failed to contact Florence City Police Department (FCPD) to search its records, even though Gibson allegedly was treated at a hospital in its, rather than FCSO's, jurisdiction.

The jury ultimately convicted Gibson of the Gun Possession Count and the Drug Count and acquitted him of the Gun in Furtherance Count. The Court sentenced Gibson to 262 months' incarceration as to the Gun Possession Count and the Drug Count, to run concurrently, as well as a six-year term of supervised release, consisting of five years as to the Gun Possession Count and six years as to the Drug Count, also to run concurrently.

Gibson appealed, and the Fourth Circuit affirmed the Court's judgment. Subsequently, Gibson filed his motion for new trial and his motion to vacate, which the Court denied. Twenty-eight days after the Court's order denying the motions, Gibson delivered the instant motions to the prison mailroom.

The Court, having been fully briefed on the relevant issues, will now adjudicate the motions.

### III.     MOTION TO ALTER OR AMEND JUDGMENT

#### A.     *Standard of Review*

Under Rule 59(e), a Court may alter or amend a judgment "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (internal quotation marks omitted). Further, "mere disagreement [with a district court's ruling] does not support a Rule 59(e) motion." *Hutchinson*, 994 F.2d at 1082. "In general[,] reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks omitted).

### B. *Discussion and Analysis*

As an initial matter, Gibson's motion, which he delivered to the prison mailroom twenty-eight days after the Court ruled on his petition, is timely.

Gibson insists the Court made a clear error of law resulting in manifest injustice by failing to liberally construe his argument trial counsel was ineffective by failing to investigate critical issues and interview and subpoena witnesses.

Gibson's motion reiterates the contentions he has previously set forth. For the reasons explained in the Court's prior order, his arguments fail. The Court will therefore refrain from altering and amending the judgment in this case.

## IV. MOTION TO REOPEN

### A. *Standard of Review*

Under Rule 60(b), a Court may grant relief from a judgment and reopen a case because of mistake, inadvertence, surprise, or excusable neglect, newly discovered evidence, fraud, a void or satisfied judgment, or any other reason that justifies relief. Fed. R. Civ. P. 60(b). A motion under this rule "must be made within a reasonable time" and, for certain subsections, within a year of entry of the judgment. Fed. R. Civ. P. 60(c)(1).

"To obtain relief from a judgment under Rule 60(b), a moving party must first show (1) that the motion is timely, (2) that he has a meritorious claim or defense, and (3) that the opposing party will not suffer unfair prejudice if the judgment is set aside." *United States v. Welsh*, 879 F.3d 530, 533 (4th Cir. 2018). Other cases also require a showing of exceptional circumstances. *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017).

Such relief is an "extraordinary remedy" that sets aside "the sanctity of [a] final judgment[.]" *Compton v. Alton S.S. Co., Inc.*, 608 F.2d 96, 102 (4th Cir. 1979) (citation omitted) (internal quotation marks omitted).

### B.     *Discussion and Analysis*

As stated above, Gibson delivered his motion to the prison mailroom twenty-eight days after the Court ruled on his petition. The Court determines this is a reasonable amount of time. Therefore, the motion is timely.

For the same reasons explained in the discussion of Rule 59(e), Gibson also lacks a meritorious claim or defense. Because this issue is dispositive, the Court need not consider the other requirements of Rule 60(b). *See Karsten v. Kaiser Found. Health Plan of Mid-Atlantic States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest *dicta*.").

The Court will therefore deny the motion to reopen, as well.

### V.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Gibson's motions to alter and amend judgment and to reopen this matter, ECF No. 194, are **DENIED**.

To the extent Gibson requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED**.

Signed this 22nd day of February 2024, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.