

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| GREGORY GIBSON,<br>    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | §<br>§<br>§<br>§<br>§ CRIMINAL ACTION NO.: 4:18-964-MGL-1<br>§ CIVIL ACTION NO.:  4:22-461-MGL<br>§<br>§<br>§ |

**MEMORANDUM OPINION AND ORDER
DISMISSING WITHOUT PREJUDICE MOTION TO REOPEN CASE
AND DENYING PETITIONER'S MOTION TO ALTER OR AMEND THE JUDGMENT**

**I.     INTRODUCTION**

Pending before the Court is Gregory Gibson's (Gibson) pro se motions to reopen his 28 U.S.C. § 2255 case and to alter or amend judgment.

Having carefully considered the motions, the record, and the applicable law, it is the judgment of the Court Gibson's motion to reopen will be dismissed without prejudice and his motion to alter or amend judgment will be denied.

**II.    FACTUAL AND PROCEDURAL HISTORY**

A grand jury indicted Gibson of felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) (Gun Possession Count), possession with intent to distribute marijuana, a quantity of cocaine, a quantity of cocaine base, and a quantity of methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and (b)(1)(D) (Drug Count),

and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Gun-in-Furtherance Count).

During a two-day trial, the jury heard evidence that, on July 27, 2018, after smelling the odor of marijuana during a traffic stop, Florence County Sheriff's Office (FCSO) deputies searched Gibson's car and found a loaded firearm, a bag of cocaine, a bag of cocaine base (commonly referred to as crack cocaine), a bag of marijuana, three large bags containing a total of three-hundred methamphetamine pills, a large piece of cocaine base, digital scales, plastic baggies, a bottle of Benefiber (a cutting agent), four cell phones, and almost $1,500 in cash.

Gibson testified that, in March 2018, someone shot at him, hitting him in the hip and hitting his truck six times. He stated he fled to the hospital for treatment, and subsequently gave a statement to a detective. He attested, because of this incident, he, for the first time since being forbidden to possess a firearm, carried a firearm for protection.

On rebuttal, FCSO Corporal Sheldon Spann (Spann) testified he had called FCSO dispatch to search Gibson's name and attempt to locate records of the March 2018 shooting, but no records appeared to exist. On cross-examination, trial counsel elucidated Spann had failed to contact Florence City Police Department (FCPD) to search its records, even though Gibson allegedly was treated at a hospital in its, rather than FCSO's, jurisdiction.

The jury ultimately convicted Gibson of the Gun Possession Count and the Drug Count, but acquitted him of the Gun-in-Furtherance Count. The Court sentenced Gibson to 262 months' incarceration as to the Gun Possession Count and the Drug Count, to run concurrently, as well as a six-year term of supervised release, consisting of five years as to the Gun Possession Count and six years as to the Drug Count, also to run concurrently.

Gibson appealed, and the Fourth Circuit affirmed the Court's judgment.  Subsequently, Gibson filed his motion for a new trial and his motion to vacate, which the Court denied.  Twenty-eight days after the Court's order denying the motions, Gibson delivered the instant motions to the prison mailroom.

The Court initially denied the motions, then vacated the order.  After that, Gibson attempted to appeal the vacated order.  Because the order had already been vacated, the Court determines the notice of appeal failed to divest it of jurisdiction as to these motions.

### III.     MOTION TO REOPEN

#### *A.     Standard of Review*

Under Rule 60(b), a Court may grant relief from a judgment and reopen a case because of mistake, inadvertence, surprise, or excusable neglect, newly discovered evidence, fraud, a void or satisfied judgment, or any other reason that justifies relief.  Fed. R. Civ. P. 60(b).  A motion under this rule "must be made within a reasonable time" and, for certain subsections, within a year of entry of the judgment.  Fed. R. Civ. P. 60(c)(1).

"To obtain relief from a judgment under Rule 60(b), a moving party must first show (1) that the motion is timely, (2) that he has a meritorious claim or defense, and (3) that the opposing party will not suffer unfair prejudice if the judgment is set aside."  *United States v. Welsh*, 879 F.3d 530, 533 (4th Cir. 2018).  Other cases also require a showing of exceptional circumstances.  *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017).

Such relief is an "extraordinary remedy" that sets aside "the sanctity of [a] final judgment[.]"  *Compton v. Alton S.S. Co., Inc.*, 608 F.2d 96, 102 (4th Cir. 1979) (citation omitted) (internal quotation marks omitted).

3

As the Fourth Circuit has recognized, however, "[s]ometimes petitioners attempt to use Rule 60(b) as a means to present new claims or arguments in favor of habeas relief that were not presented in their initial federal habeas petition." *Bixby v. Stirling*, 90 F.4th 140, 147 (4th Cir. 2024). The Supreme Court has likewise cautioned petitioners are precluded from using Rule 60(b)(6) to "circumvent the requirement[s]" for filing successive petitions. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).

The Supreme Court noted Rule 60(b)(6)'s requisite "extraordinary circumstances" would "rarely occur in the habeas context." *Id.* at 535. It instructed a district court's first task, when presented with a Rule 60(b) motion in a habeas case, must be to consider whether the filing "is in substance a successive habeas petition and [thus] should be treated accordingly." *Id.* at 531.

In short, when the motions "attack the federal court's previous resolution of a claim on the merits," *id.* at 532, they sound substantively in habeas. The Supreme Court provided several examples, including motions that attack the district court's prior reasoning, attempt to add claims, argue a post-judgment change in the law warrants relief, or insist an attorney or party's excusable neglect, resulted in an error in the initial petition. *Id.* at 530–31.

On the other hand, a "'true' Rule 60(b) motion would not attack the resolution of a prior [habeas] petition on the merits. Instead, a 'true' Rule 60(b) motion would challenge 'some defect in the integrity of the federal habeas proceedings.'" *Id.* (quoting *Gonzalez*, 545 U.S. at 532).

As examples, the Supreme Court listed "a motion that asserts that 'a previous ruling which precluded a merits determination was in error' such as a district court's denial of habeas relief for 'failure to exhaust, procedural default, or statute-of-limitations bar,' or 'fraud,'" *Id.* (quoting *Gonzalez*, 545 U.S. at 532 n. 4 and 5).

4

"In further parsing this distinction, the Supreme Court observed that 'an attack based on the movant's own conduct[ ] or his habeas counsel's omissions ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably.'" *Id.* (quoting *Gonzalez*, 545 U.S. at 532 n.5) (internal citation omitted).

### B.     *Discussion and Analysis*

Here, Gibson asks the Court to reopen this case based on a challenge to the Court's adjudication on the merits. The Court thus construes Gibson's motion to reopen as a successive petition. *See Gonzalez*, 545 U.S. at 530–31 (listing as an example of a successive habeas petition when the purported Rule 60(b) motion attacks the district court's prior reasoning).

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application[.]" 28 U.S.C. § 2244(b)(3)(A). This requirement in jurisdictional. *United States v. Winestock*, 340 F.3d 200, 205, 208 (4th Cir. 2003).

It appears Gibson has failed to move the court of appeals for an order authorizing this Court to consider his petition. Thus, the Court is without jurisdiction to consider the successive petition. It will thus dismiss the motion without prejudice.

### IV.     MOTION TO ALTER OR AMEND JUDGMENT

### A.     *Standard of Review*

Under Rule 59(e), a Court may alter or amend a judgment "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076,

5

1081 (4th Cir. 1993). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (internal quotation marks omitted). Further, "mere disagreement [with a district court's ruling] does not support a Rule 59(e) motion." *Hutchinson*, 994 F.2d at 1082. "In general[,] reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks omitted).

### B.    Discussion and Analysis

As an initial matter, Gibson's motion, which he delivered to the prison mailroom twenty-eight days after the Court ruled on his petition, is timely.

Additionally, the Court notes it is unrequired to construe Gibson's Rule 59(e) motion as a successive habeas petition. *See Banister v. Davis*, 140 S. Ct. 1698, 1711 (2020) ("*Gonzalez* does not govern here. A Rule 59(e) motion, unlike a Rule 60(b) motion, does not count as a second or successive habeas application."). In short, the Supreme Court has held the limited time to file a Rule 59(e) motion and its limited scope differentiate it from a Rule 60(b) motion. "A Rule 59(e) motion briefly suspends finality to enable a district court to fix any mistakes and thereby perfect its judgment before a possible appeal. . . . Its operation, rather than allowing repeated attacks on a decision, helps produce a single final judgment for appeal." *Id.* at 1708.

Gibson insists the Court made a clear error of law resulting in manifest injustice by failing to liberally construe his argument trial counsel was ineffective by failing to investigate critical issues and interview and subpoena witnesses.

Gibson's motion reiterates the contentions he has previously set forth. For the reasons explained in the Court's prior order, his arguments fail. The Court will therefore refrain from altering or amending the judgment in this case, and will deny the motion.

## V.    CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Gibson's motion to reopen this matter, construed as a successive Section 2255 petition, ECF No. 194, is **DISMISSED WITHOUT PREJUDICE**, and his motion to alter or amend judgment, *id.*, is **DENIED**.

To the extent Gibson requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED**.

Signed this 8th day of April 2024, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.